FILED 05 NOV '12 13:47 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN LOYDD SPRADLEY,

        Plaintiff,        6:11-cv-1140-TC

        v.        REPORT AND RECOMMENDATION

STATE OF OREGON, et al.,

        Defendants.

COFFIN, Magistrate Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint alleging violations of his constitutional rights while he was a patient at the Oregon State Hospital. Defendants now move for summary judgment (#46).

Plaintiff names as defendants the State of Oregon, Dr. Lopez, four "Jane Doe" defendants and three "John Doe" defendants.

1 - REPORT AND RECOMMENDATION

The State of Oregon is absolutely immune from suit in federal court under the Eleventh Amendment and is therefore entitled to judgment as a matter of law. <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978); <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974).

The John and Jane Doe defendants have not been identified or served in this case. Therefore, they are not properly before the court and entitled to judgment as a matter of law. Fed. R. Civ. P. 4(m); <u>Aviles v. Village of Bedford Park</u>, 160 F.R.D. 565, 567 (N.D. Ill. 1995); <u>Johnson v. Wigger</u>, 2009 WL 2424186 (N.D. N.Y. 2009).

The only remaining defendant is Dr. Lopez.

Plaintiff alleges in Claim I that during the months of November and December, 2009, OSH staff refused to treat him for "severe P.T.S.D. (Post Traumatic Stress Disorder" and deemed him liable to aid and assist at his upcoming criminal trial when he was not able to do so. Complaint (#2) p. 3. Plaintiff specifically alleges that Dr. Lopez refused to treat him and "refused to view (his) prison mental health file." <u>Id</u>.

Plaintiff further alleges that he "was sent back to court to face criminal prosecution while suffering from a severe disorder with out necessary medication." <u>Id</u>.

The record reflects that plaintiff filed a grievance

2 - REPORT AND RECOMMENDATION

alleging that he was not being treated for his anxiety and asking that he be prescribed *Clonazepam*. Declaration of Deborah Howard (#46) p. 5. OSH staff denied plaintiff's request because he had documented previous addiction issues and a diagnosis of substance abuse and anxiety disorder. Id. As a result a prescription for narcotic or benzodiazephine medications is contraindicted. OSH staff instead prescribed non-habit forming anti-anxiety medications of *Vistaril* and *Remeron* to assist in alleviating plaintiff's anxiety. Id.

Plaintiff was detained at the Oregon State Hospital for purposes of treatment rather than punishment. Therefor, plaintiff's rights while civilly detained flow from the procedural and substantive due process guarantees of the Fourteenth Amendment rather the Eighth Amendment's prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U..S. 520 (1979). However, because a detainee's rights under the 14th Amendment are comparable to a prisoner's rights under the Eighth Amendment, the Ninth Circuit applies the same standards. Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate

3 - REPORT AND RECOMMENDATION

indifference to [his] serious medical needs." <u>Estell v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, <u>Clements v. Gomez</u>, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1.) The seriousness of the prisoner's medical needs, and 2.) The nature of the defendant's response. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled on other grounds by <u>WMX Techs., Inc v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997). To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a petitioner's pain or possible medical need." <u>Id</u>. at 1060.

Whether a medical condition is serious is ordinarily a question left to physicians, <u>Brownell v. Figel</u>, 950 F.2d 1285, 1291 (7th Cir. 1991) <u>Davis v. Jones</u>, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. <u>Id</u>., 936 F.2d at 972; see also, <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994).

Medical malpractice, even gross malpractice, does not amount to a violation of the Eight Amendment, see, <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over

the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" <u>Id</u>, (quoting <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996.

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." <u>Miranda v. Munoz</u>, 770 F.2d 255, 259 (1st Cir. 1985); <u>Layne v. Vinzant</u>, 657 F.2d 468, 474 (1st Cir. 1985); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004).

Liability may be imposed only where the decision by the medical professional is so objectively unreasonable as to demonstrate that it was not based on professional judgment. <u>Parham v. J.R.</u>, 442 U.S. 584,(1976); <u>Estate of Conners v. O'Conner</u>, 846 F.2d 1205, 1209 (9th Cir. 1988), *cert. Denied*, 489 U.S. 1065 (1989); *see also*, <u>Youngberg v. Romeo</u>, (liability may be imposed only when the decision by the professional is such a substantial departure frm accepted professional

5 - REPORT AND RECOMMENDATION

judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such judgment).

The requirements for mental health care are the same for those for physical health needs. <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1984).

In this case, in view of plaintiff drug abuse and addiction history, the decision treat plaintiff anxiety with drugs other than *Clonazepam* was not "objectively unreasonable" and plaintiff's disagreement with the adequacy of the prescribed course of treatment fails to state a claim.

Assuming that some aspect of defendant Lopez' treatment, or alleged lack of treatment, violated plaintiff's constitutional rights, I find that she is entitled to qualified immunity for such actions.

Officials performing their official duties are entitled to qualified immunity from liability in damages where they did not violate plaintiff's clearly established constitutional rights, <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Act Up!/Portland v. Bagley</u>, 988 F.2d 868 (9th Cir. 1993); *see also*, <u>Anderson v. Creighton</u>, 483 U.S. 635, (1987). The Ninth Circuit has articulated a two part analysis for determining an official's qualified immunity: (1) was the law governing the official's conduct clearly established? [and] (2) Under the

6 - REPORT AND RECOMMENDATION

law, could a reasonable officer believed the conduct was lawful? Neely v. Feinstein, 50 F.3d 1502, 1507 (1995) (citing Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993)).

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001).

Assuming *arguendo* that the facts alleged by plaintiff implicate his constitutional rights, I find that plaintiff has failed to demonstrate that it would be clear to a reasonable doctor that their chosen course of treatment might be illegal or violate plaintiff's constitutional rights.

Defendants are entitled to judgment as a matter of law as to plaintiff's Claim I.

Plaintiff alleges in Claim II that "O.S.H. Nursing Staff" violated his Eighth Amendment rights "by force medicating him against his will." Complaint (#2) p. 4.

Plaintiff has not alleged that defendant Lopez had anything to do with "force medicating" him or identified the staff that allegedly did.

Plaintiff may be seeking to hold Dr. Lopez liable for the conduct of the nursing staff. However, *res pondeat superior* is not a proper basis for liability under 42 U.S.C. § 1983.

7 - REPORT AND RECOMMENDATION

Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). A "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). Plaintiff has not alleged any facts that would subject defendant Lopez to liability under these principles.

Moreover, plaintiff's Claim II is in essence based on a disagreement with medical providers about the appropriate medical treatment which as discussed above, does not give rise to a claim under the Eighth or Fourteenth Amendments. Accordingly, defendants are entitled to judgment as a matter of law as to Claim II.

Plaintiff alleges in Claim III that his "patient rights" and "rights to personal property" were violated when the "OSH Trust Account Staff did commit theft of plaintiff's funds" by denying plaintiff access to his funds "for invalid reasons." Complaint (#2), p. 4.

Plaintiff has not alleged that Dr. Lopez had anything to do with the alleged "theft" of his property or identified the

8 - REPORT AND RECOMMENDATION

"OSH Trust Account Staff" that allegedly denied him access to his funds. Accordingly, defendants are entitled to judgment as a matter of law as to Claim III.[1]

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#46) should be allowed. This case should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this

---

[1] The Declaration of Deborah Howard (#48) indicates that on December 1, 2009, plaintiff filed a grievance claiming that OSH staff had deprived him of his Social Security check by failing to deposit it in his patient trust account. On December 8,, 2009, OSH staff responded to the grievance stating that it had deposited plaintiff's October 1, 2009 Social Security check into his patient trust account and that it was immediately accessible to him. The OSH business office help plaintiff's November 1, 2009 Social Security check because there was a question as to whether he could receive the check while he was at OSH. Plaintiff called the Social Security Administration and was not truthful as to where he was being housed and did not give the"whole story or correct dates." Plaintiff called the Social Security Office three times and the conversations were ended because of plaintiff's "verbal aggression." OSH staff advised plaintiff to provide the Social Security Administration with the correct information. Although plaintiff signed the grievance response form and circled that he was not satisfied with the resolution, he did not appeal the response.

9 - REPORT AND RECOMMENDATION

recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.**

DATED this 31 day of October, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge